SUSAN D. RITCHIE *vs.* WESLEY RITCHIE & others.

Suffolk.   May 28, 1898. — June 24, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Cloud upon Title to Land — Effect of Conveyance — Contingent Remainder — Statute.*

Land was given by will to A. for life, he to pay all taxes thereon, with remainder to his brother contingent upon his leaving no issue. A. became insolvent, and his assignees conveyed their title to his wife, who took possession of the land, and then conveyed it to her son, but retained possession, receiving the rents and profits and paying the taxes. Subsequently she took a conveyance of the land from the purchaser at a sale for nonpayment of taxes assessed thereon prior to A.'s insolvency, and later took a reconveyance from her son. *Held,* that she did not acquire an estate in fee by her acts; and that the contingent remainder in A.'s brother was protected by Pub. Sts. c. 126, § 8.

BILL IN EQUITY, filed February 15, 1897, in the Superior Court, to remove an alleged cloud upon the title to certain land

in Boston. After a hearing on the agreed facts, a decree was entered dismissing the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*H. P. Harriman & G. P. Wardner*, for the plaintiff.

*J. M. Gove & H. D. Gove*, for the defendants.

LATHROP, J. Caroline J. Ritchie died seised of a parcel of land, divided into three estates, and situated on Marginal Street in that part of Boston called East Boston. By her will, dated January 3, 1885, and admitted to probate on January 30, 1888, she devised this land to her son, Elliot Ritchie, " to have and to hold to him for and during the term of his natural life, he paying all taxes, insurance, and keeping the estate in good order and repair. At his death I devise said estates to any child or children that he may leave, if any. And if he leaves no child, then I devise said estates to his three brothers, or the survivors or survivor of them, or to the issue of any deceased brother by right of representation."

The plaintiff is the wife of Elliot Ritchie, and the defendants are his three brothers. The agreed facts state that " Elliot Ritchie is supposed to be living, but is now in parts unknown." It is not stated when he went away. The plaintiff claims to own the land in fee under the following circumstances. Elliot Ritchie became an insolvent debtor in July, 1892, and assignees of his estate were duly appointed. On January 3, 1893, these assignees conveyed to the plaintiff, in her right, all their right, title, and interest in the premises; and immediately after the conveyance the plaintiff took possession of the premises, and has ever since collected and received the rents and profits therefrom, and has paid all taxes that have since been assessed upon said property, except for the year 1896, and has made repairs. In 1892, the three estates were sold by the tax collector of the city of Boston, on account of the nonpayment of the taxes of 1891, to one Stephen P. Weld. He conveyed two of the estates to the plaintiff on December 17, 1894, and on February 20, 1895, he conveyed the remaining estate to her. On June 20, 1893, the plaintiff conveyed the premises to her son in law, who reconveyed it to her on July 13, 1893. On the last named date, the plaintiff conveyed the premises to her daughter, who reconveyed the same to her mother on February 10, 1897.

It is clear that the plaintiff, by the purchase from the assignees of her husband's estate in insolvency, acquired only his life estate, with all the burdens imposed by the will, among which was the paying of taxes. It was her duty, therefore, when she acquired possession of the land to pay the taxes which had accrued, or, if the land had been sold for taxes, to redeem it. She had no right to wait until the right to redeem from the tax sales had passed, and then seek to acquire a new title by obtaining conveyances from the purchaser at the tax sales. Nor could she by going through the form of a conveyance to her son in law and afterwards to her daughter, so that she had not the record title to the premises when the conveyances were made to her by Weld, gain any better title than if she had retained title to the premises. There is nothing to show that these conveyances were made in good faith and for a valuable consideration, while it does appear that during all the time from June 20, 1893, to February 10, 1897, when the record title was in her son in law or in her daughter, the plaintiff was in possession of the premises, collecting the rents and profits therefrom, and paying the taxes.

The case falls within the Pub. Sts. c. 126, § 8, which reads thus : " No expectant estate shall be defeated or barred by an alienation or other act of the owner of the precedent estate, nor by the destruction of such precedent estate, by disseisin, forfeiture, surrender, or merger." This statute first appeared in the Rev. Sts. c. 59, § 7, and was re-enacted in the Gen. Sts. c. 89, § 10. By the will of Mrs. Ritchie the defendants took remainders in the estate contingent on the death of Elliot Ritchie leaving no child. That a contingent remainder is protected by the statute is clear from the language of the Commissioners in their report to the Legislature in 1835.

If we were to draw inferences from the agreed facts, we might say that the plaintiff has been unsuccessful in her ingenious scheme to defraud the defendants. We content ourselves, however, with saying that, on the agreed facts, the judge below was clearly right in dismissing the bill.

*Decree affirmed.*