ELIZA J. TAFT & others *vs.* HENRY F. DECKER.

Franklin.    September 16, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Disseisin.    Adverse Possession.*

A trustee held under a will certain real estate, to apply two thirds of the income to the support of the testator's widow and one third to the support of the testator's daughter. There were alternative contingent remainders to the heirs of the body of the daughter and to the trustee. The trustee conveyed to the widow and the daughter all his right, title and interest in the estate of the testator devised to him "actually or contingently in trust or otherwise," and the grantees entered, or already were in possession, and made two mortgages, assuming that they were seised of the land. *Held*, that the grantees were in of a fee, whether by right or wrong, and held adversely to the trustee, and to all persons claiming under the will.

WRIT OF ENTRY, dated December 23, 1901, to recover certain land in Deerfield.

In the Superior Court *Lawton*, J. ordered judgment for the demandants for possession; and the tenant appealed.

*F. J. Lawler*, for the tenant.

*H. J. Field*, (*A. D. Flower* with him,) for the demandants.

HOLMES, C. J.   This is a writ of entry which was submitted to the Superior Court upon an agreed statement of facts, with liberty to the demandants to amend if fewer than all of them are entitled to recover.   Judgment was given for the demandants and the tenant appealed.   The more important facts may be summed up as follows.   Reuben Wright by his will left the residue of his property, including the land in question, to Eli Wright in trust to apply two thirds of the income to the support of the testator's wife, Esther Wright, and one third to the support of his daughter, Sophia Theresa Wright, and her children, if any, etc., with power to sell and to apply capital to the support of the wife.   After the decease of the wife and daughter, the will gave the remaining estate to the heirs of the body of the daughter, and in case of her death without heirs of her body, to Eli Wright in fee.   The wife died on April 7, 1874, and the daughter died unmarried on November 24, 1882.   Therefore the details of the trust for and remainder to her children are immaterial.   It is enough to mention that they were created by the will.   The demandants claim as the heirs of Eli Wright, of the daughter, and otherwise as will be mentioned.   The tenant claims under conveyances and the statute of limitations, it being admitted that he has held the premises adversely for more than twenty years.

Eli Wright qualified as executor but gave no bond as trustee. He seems to have assumed to act as trustee however, as no other was appointed in his place, and in 1866 he, together with his wife and only child, for valuable considerations, executed a deed to the above mentioned Esther and Sophia Theresa Wright of all the grantors' right, title and interest in Reuben Wright's residue, and especially in the estate devised and bequeathed to either of them "actually or contingently in trust or otherwise."   The judge of the Superior Court ruled that this deed " conveyed Eli Wright's contingent remainder."   (No one disputes that it had at least that effect.   See Pub. Sts. c. 126, § 2; R. L. c. 134, § 2.)   " But," he ruled, " it conveyed nothing else," and this is the contention of the demandants.   We pause in the statement of the facts to deal with this proposition.   It is manifest that the purport of the deed was to convey to the grantees every interest that was not already in them except the

contingent limitation which never took effect, to the heirs of the body of Sophia. We think it fair to assume, therefore, not overlooking *Johnson* v. *Johnson*, 7 Allen, 196, or Pub. Sts. c. 126, § 8, that the grantees were in of a fee whether by right or by wrong.

The only reasonable interpretation of the agreed facts is that the grantees either entered or already were in possession. The place seems from the deeds to have been the home farm. The grantees subsequently made two mortgages, (which have been paid by the tenant,) and thereby assumed to be seized. Although technically the fact ought to have been stated, we believe that the demandants will not dispute the conclusion. See *Robinson* v. *Robinson*, 173 Mass. 233, 242. The title, even 'if subject to open and let in the contingent remainder to the heirs of Sophia's body, was in the grantees. For whether the inheritance had been in Eli, or in the grantees as heirs of the testator, or *in gremio legis* to await the vesting of one of the contingent remainders, the grantees, after the deed of Eli, held every interest except that of the heirs of the body of Sophia, assuming that the possession of the grantees was not held adversely to that contingent interest. The simplest view would be that the grantees neglected the outstanding remainder, supposed themselves to be absolute owners and acted accordingly, — but this, as a conclusion of fact, we do not assume.

It is unnecessary to consider what the legal operation of the deed may have been as a conveyance, or whether it terminated the trust for all purposes except as against the possible children of Sophia. *Packard* v. *Marshall*, 138 Mass. 301, 303. It is hard to see who could have set the trust up outside the parties to the deed, but at all events the grantees were in under an overt repudiation of it and denying all further title on the part of Eli, and they held the fee. In the event which has happened, therefore, Sophia having had no children, the trust, and, what is more important, Eli Wright's title, if any, as trustee, were extinguished by twenty years adverse holding, if not before, and the demandants cannot maintain their claim by virtue of the terms of Reuben Wright's will. *Merriam* v. *Hassam*, 14 Allen, 516.

The next step was that on August 21, 1873, Sophia T. Wright

conveyed her interest in the premises to George R. Smith, who just before had been appointed guardian of her mother, then insane. This deed was in trust to apply the income to the support of the grantor and her mother, with power to sell and apply capital if necessary to the same purposes under the direction of the Probate Court, and to convey the residue after the death of the grantor and her mother, to the grantor's appointee by deed or will, or in default of appointment to Mrs. Abby H. Anderson and Mrs. Eliza J. Taft, the latter being one of the demandants and claiming also under this deed, the grantor having made no appointment. Very shortly after the date of the deed, Smith, as guardian and trustee, applied to the Probate Court for leave to sell, was granted leave, and sold the premises in November, 1873. The tenant claims under this conveyance by Smith. The demandant Taft sets up a further claim under a conveyance by a trustee appointed in lieu of Smith after Smith's death.

No technical objections are made to the sufficiency of the proceedings in the Probate Court, assuming such proceedings to have been necessary, *Jones* v. *Atchison, Topeka, & Santa Fé Railroad,* 150 Mass. 304, 308, but it is argued that the tenant took nothing, on two grounds. In the first place it is said that Sophia's deed conveyed nothing. This is on the assumption that all she had was a contingent remainder supposed to have been conveyed to her by Eli Wright. As we have said, the assumption is a mistake. By right or wrong she and her mother were seised in fee simple, and even if she had held the fee by wrong her deed would have conveyed her half. The other ground is that Smith's deed was inoperative because it was not in pursuance of the power in Sophia's deed to him. But the sale did not depend upon the power. It was a change of investment authorized by the Probate Court under Pub. Sts. c. 141, § 20. R. L. c. 147, § 15. The argument which has been addressed to us fails at each stage in its premises and therefore it is unnecessary to consider the accuracy of the careful reasoning based upon them. It may be worth observing, however, that Sophia's heirs in no event could stand better than she. They had no independent standing but claimed through her, so that if she was barred they were barred, even if there was a contin-

gent remainder outstanding which vested in possession only at her death.

Of course any ground upon which Smith could have assailed the title of the grantee is barred by the statute of limitations, and it may be assumed, perhaps, that the rights of those for whom he held in trust would be barred to the same extent. This was not disputed, and has been decided elsewhere. *Meeks* v. *Olpherts*, 100 U. S. 564. But it is unnecessary to discuss this aspect of the case, as the argument for the demandants was put on different grounds.

*Judgment for tenant.*