# CHARLES P. COFFIN, PETITIONER.

## Essex, February, 1904.

*Devise — Remainder — Possibility of Issue Extinct.*

This case raises the question of possibility of issue extinct. By the will of Micajah C. Pratt locus was left to the testator's daughter, Adeline, during her natural life, and after her death to her issue, if she should have any, during the life of said issue, with remainder in fee to another daughter, Ann, under whom the petitioner claims. The daughter Adeline is still living and is 82 years of age. She has been twice married; has had issue, none of whom are now living; and her second husband has been dead for many years. The petitioner asks for registration of title subject to the life estate of Adeline only.

Mr. Lawson in his recent book on Presumptive Evidence (p. 364) states that there is no case in America which upholds the doctrine of a presumption of the possibility of issue extinct; and there are but few American cases on the subject at all.

In England some of the early cases were opposed to any such doctrine, and in 1864, Vice-Chancellor Wood enunciated a rule that there could be no such presumption, even in an extreme case, as to a woman under 50 years of age. In the case before him the woman was 49 years of age, had had no children for 20 years, and there was medical testimony as to absolute impossibility of further issue. Groves *v.* Groves, 9 L. T., n. s., 533. In 1874, however, Vice-Chancellor Mailins held directly to the contrary in the case of a woman who was aged but 47. Re Summers Trusts, 30 L. T.,

n. s., 377. The later English cases have uniformly held in support of the presumption. Edwards *v*. Tuck, 23 Beav. 268. In re Millner's Estate, L. R., 14 Eq. Cas. 245. In re Widdow's Trust, L. R., 11 Eq. Cas. 408. Other cases are quoted in the Reporter's note to Edwards *v*. Tuck, together with the ages of women in regard to whom the presumption was raised in each case. It would seem, however, that, as stated by the American courts, there is no certain or safe rule as to age, and it would appear from the general trend of the English cases that it is essentially a matter of probability on the particular facts of each case. Thus the presumption was refused in the case of a woman aged 54 years who had children but had only been married for three years, Coxton *v*. May, L. R., 9 Ch. D. 388, while it was upheld in the case of a spinster of the same age. Davidson *v*. Kimpton, L. R. 18 Ch. D. 213.

In the United States on the contrary there seem to be no cases which uphold the presumption, while there are a few which oppose it.

In a Pennsylvania case the court said that nature has fixed no certain age at which the possibility of issue is extinct, and after quoting Blackstone to the effect that the possibility of issue is always supposed to exist in law even though donees be each of them an hundred years old (2 Bl. Com. 125), and Littleton, that the law seeth no impossibility of having children (Co. Lit. 28a), adds that this rule has received the sanction of the ages; but the English cases to the contrary seem to have escaped the court's attention. List *v*. Rodney, 83 Pa. 483.

In a case in the United States Circuit Court in Ohio, in 1895, an estate had been left by will to E for life, with remainder to the issue of her body surviving. At the date of the will E was 50 years of age and unmarried. She left no legitimate issue and the property was claimed by an illegitimate child, his claim being based upon the argument that

the testator must have referred to him and not to legitimate issue, because of the impossibility of legitimate issue on the part of E because of her age at the date of the will. The court, in denying the claim, quote Blackstone and Littleton, a very early English case (Jee v. Audley, 1 Cox. Eq. 324), and Lawson on Presumptive Evidence. Flora v. Anderson, 67 Fed. Rep. 182.

In Massachusetts the question arose in a case in which there was a bequest in trust for a daughter of the testator during the life of her mother, with remainder, if the daughter should die without leaving issue, to the trustee. The mother having died, and the daughter being nearly 54 years of age and unmarried, the property was claimed by the remainder man. The court deny the claim, saying that, " We are not prepared to say that this fund should now be liberated, although we are aware that under similar circumstances this has been done by the English court of equity." Towle v. Delano, 144 Mass. 95. In another Massachusetts case there was a devise in trust for the testator's daughter for life, upon her death to her children for life, and upon their death to the heirs-at-law of such children. The question raised was as to the rule against perpetuities, and the court held that, while it was not probable that the testator's daughter would have after-born children, it was possible, and the question of remoteness must be determined with regard to possible events and not to those which actually or may probably occur. Lovering v. Lovering, 129 Mass. 97.

In a New Jersey case, where there was a petition for a sale under the New Jersey statute providing for the sale of estates subject to contingent remainders, the petition was resisted on the ground that there was no contingent remainder owing to the presumption of possibility of issue extinct; but the court while citing the English cases as " asserting a natural presumption," adds that it is not sufficient to take

the case out of the New Jersey statute.   Apgar's case, 37
N. J. Eq. 501.

Flora v. Anderson, Apgar's Case and Lovering v. Lover-
ing involve separate principles and are clearly to be distin-
guished from the case at bar.   List v. Rodney rests on the
strict rule of the common law, while in Towle v. Delano the
court has gone no farther than to say that under the cir-
cumstances of that case the fund should not be liberated.
In all of the cases, however, it seems to me that a distinction
can fairly be drawn which has been made by this court in
regard to other questions, namely:   that while the court
will be very slow to adopt a presumption which would cut
off a once actually existing right, the same reasoning will
not apply to the registration of an actual title against which
there is outstanding, not an actual claim or estate, but a
mere improbable possibility.   Wilson, Petitioner, Land Court
Decisions, p. 20 ante.   Taft v. Decker, 182 Mass. 106.

In the present case the petitioner has the fee subject to
a life estate which he recognizes, and beyond that there is
outstanding against him no estate or claim actually existing
either in the present or in the past, but merely a remote and
extremely improbable possibility (even if it be conceded in
accordance with the ancient text books and decisions that it is
a possibility) that there may yet be children born to an
unmarried woman over 82 years of age.

On these facts there must be a decree for the petitioner.

So ordered.