WALTER A. MALOY *v.* ALICE MORRIS, ET AL.

Middlesex, August, 1906.

*Widow — Right of Occupancy Under R. L. Chap.* 132, *Sec.*
12 — *Acquirement of Title Against the Heirs — By Tax
Title — By Prescription.*

The question in this case is whether title to the estate in
controversy has been acquired by prescription through one
Ann Morris, a predecessor in title of the petitioner.

The premises consist of a house lot in Somerville of which
one Patrick Morris died seized in 1873, intestate, leaving
surviving him a widow, Ann, and as his only heirs, four
children and the issue of a deceased child, all by a former
wife.   His estate was inventoried as consisting of $380 in
personal estate and the house lot in question then valued at
$2,900.   The widow, Ann, who was appointed administra-
trix, and who also claimed that the estate was indebted to
her to a material amount (and such indebtedness appeared
in her first account, which was filed and allowed in 1875),
remained in possession of the house lot.   In 1875 she peti-
tioned the probate court for assignment of dower.   In 1878
the court decreed that dower be assigned, commissioners were
appointed, and a warrant issued; but nothing further was
done.   In 1878, 1879 and 1880 the estate was sold for the
taxes of 1876, 1877 and 1878, assessed to the heirs of Pat-
rick Morris, and was bought in at each tax sale by the said
Ann.   Considerable friction existed between Ann and some
of the heirs, and in 1882 three of them employed counsel
to secure from her an accounting in the probate court, and
also possession of this house lot.   A conference was accord-

ingly had and Ann's position was stated to be that she claimed to be in possession of the entire estate as matter of right, claiming title under her tax deeds; that the estate was largely indebted to her; that there was no equity of any value in the children; and that she defied any attempt to get her out. The matter was fully reported to the heirs and they were advised to take action, but decided not to do so, and nothing further was done by anybody until the bringing of this application for registration of title by the present petitioner. Ann remained in possession of the property until her death, December 28, 1901, when she left this estate by will to her step-son Thomas and his son Patrick D., who in 1902 conveyed to the petitioner. The respondents are all the heirs of Patrick Morris other than said Thomas.

The respondents contend that Ann was a co-tenant with the heirs, and that as such she could not acquire a valid tax title against them, nor title by prescription through adverse possession. The petitioner does not claim under the tax titles otherwise than as an element in his chain of title by prescription, and denies that Ann was in any sense a co-tenant with the heirs.

Under the provisions of R. L., Chap. 132, Sec. 12 (G. S., Chap. 90, Sec. 7; P. S., Chap. 124, Sec. 13) occupation by the widow with the heirs of her husband, or the receipt by her of her share of the rents and profits, without any assignment of dower, is to be deemed to be a lawful occupation and her estate to be an estate " with the rights of a tenant in common," so long as there is no objection on the part of the heirs. Anthony v. Anthony, 161 Mass. 343, 352; Hastings v. Mace, 157 Mass. 499; Kirchgassner v. Rodick, 170 Mass. 543. This negatives the petitioner's argument that Mrs. Morris had no estate in the premises upon the decease of her husband, and was in ab initio under an obvious claim to the entire fee necessarily adverse to any title in the heirs. Such quasi co-tenancy, however, lacks some of the essential

elements of an ordinary co-tenancy, so far as the rights of the heirs are concerned in regard to the payment of taxes, and to the exclusive occupation by the widow. The familiar rule that one cannot acquire a tax title against his co-tenants is based either upon estoppel, or upon the fact that the transaction amounted to a payment and extinguishment of a tax indebtedness, rather than to the purchase and acquirement of a tax title. In the case at bar there was neither indebtedness on the part of the widow, nor any duty resting upon her as to the taxes. Had the sale been for taxes assessed to her husband, the case would have been like that of Hurley v. Hurley, 148 Mass. 444, cited by the respondents. Had Mrs. Morris been merely a life tenant (under an assignment of dower or otherwise) she probably could not have acquired a tax title as against the remainder-men. Ritchie v. Ritchie, 171 Mass. 504. Her co-tenancy in this case, however, was a right of occupation only " with the heirs," and then only so long as they did not object. She had no duty or indebtedness as to taxes. Her actual occupation was very different from her right. It was an exclusive occupation without the consent of the heirs, against the protest of the sons, and under an open and defiant claim of right to the entire estate, continued by her and those claiming under her for over twenty years. Even if the respondents were ordinary cotenants and her original possession was in part a possession as of right under a limited title, I think the continued possession of the entire estate under the circumstances in this case would both warrant, and probably necessitate, a finding of title in the petitioner by prescription. Taft v. Decker, 182 Mass. 106; Joyce v. Dyer, 189 Mass. 64.

Decree for the petitioner.

Parker D. Morris for petitioner.

H. V. Cunningham for respondent.