[No. 6533.   Decided March 12, 1907.]

ELI DAVIDSON *et al.*, Respondents, v. WINIFRED I. MANTOR *et al.*, Appellants.[1]

TRUSTS—EXECUTION OF TRUST—WHO MAY ATTACK. Where land purchased by several persons was conveyed to a single grantee as "trustee" without disclosing the nature of the trust except as it may be inferred to be for convenience in sale and transfer, conveyances by the trustee pass full legal title which cannot be attacked by heirs of the beneficiaries.

SAME—HUSBAND AND WIFE—COMMUNITY PROPERTY. Where community lands are deeded to a trustee in fee, who conveyed pursuant to the terms of the trust and accounted to the husband for the proceeds, heirs of the wife cannot attack the title by reason of the fact that the husband failed to account to the wife.

Appeal from a judgment of the superior court for King county, Neterer, J., entered April 30, 1906, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title.

*Vince H. Faben* and *Larrabee & Wright*, for appellants.

*Fred H. Peterson* and *H. C. Force*, for respondents.

MOUNT, J.—This action was brought by the plaintiffs to quiet title to a certain lot in Seattle. The defendants by their answer claimed to own the lot in question. The admitted facts in the case show that William H. Shoudy and wife, in the year 1884, with community funds, purchased, in conjunction with four other parties, forty acres of land in King county, now within the corporate limits of the city of Seattle. Instead of the purchasers taking title in their own names, the grantor, by general warranty deed in the usual form, reciting a consideration paid by the grantee, conveyed the property to "Rufus Willard, Trustee, . . . and to his heirs and assigns forever." The nature and char-

[1]Reported in 89 Pac. 167.

acter of the trust is not disclosed, either by the deed or by any evidence in the record, except as it may be inferred that Mr. Willard took title in his own name for convenience in transferring the property. While Mr. Willard held the title, he platted the land into an addition known as "Comstock's Supplemental Addition to the City of Seattle." The lot in question is one of the lots platted in this addition. All the lots were subsequently sold, and the proceeds divided among the equitable owners. Mr. Shoudy received the share belonging to himself and wife. The plaintiffs hold their title by mesne conveyances through "Rufus Willard, trustee." After the property had been sold by Rufus Willard, trustee, and the proceeds distributed to the equitable owners, both Mr. Shoudy and his wife died, leaving several children. These children, being of age, conveyed by quitclaim deed their interest in the land to the defendants, who now claim Mr. Shoudy during his lifetime never accounted to his wife for any part of the proceeds of the sale of said property. The trial court entered a decree quieting title in the plaintiffs. The defendants appeal, and endeavor to make the point here that the trustee had no power to sell the property, because such power was not expressly conferred by the deed, and because there is nothing in the record to disclose the character of the trust; and it is argued that, because the deed by which Mr. Willard acquired the title used the word "trustee," such word was notice to purchasers of the character of Mr. Willard's title.

If we assume that the position taken by appellants is correct as a general rule, and sustained by the authorities cited in their brief, we think this case is not controlled by that rule, because in this case Mr. Willard was clothed with the legal title in fee. The word "trustee" after his name was not sufficient to create a trust for any specific purpose, and even if it did so, the purchasers from him would only be required to determine the nature of his trust and, if found to be for convenience of the transfer or for the purpose of sale, they

would acquire the full legal and equitable title. So far as the record in this case shows any trust at all, it was a trust for the purpose of sale and transfer; nothing else. There is no evidence whatever that the trustee abused his trust in any way, or that he did not fully account to his *cestui que trust.* The rule is that,

"Where a trustee is clothed with the legal title and not restrained by the terms of the trust, a conveyance by him, although in violation of the trust, carries the legal title, and the beneficiaries must seek their remedy in equity." 28 Am. & Eng. Ency. Law (2d ed.), p. 993.

See, also, *Robinson v. Pierce,* 118 Ala. 273, 24 South. 984, 72 Am. St. 160, and note; *Taft v. Decker,* 182 Mass. 106, 65 N. E. 507; *Holly v. Hirsch,* 135 N. Y. 590, 32 N. E. 709.

In the case of *Cowell v. Springs Company,* 100 U. S. 55, 25 L. Ed. 547, where a patent for land was issued by the United States, and the word "trustee" followed the name of the patentee, with no mention of the terms of the trust, it was held that the patentee by his deed conveyed the legal title. The court there said:

"And besides, if any trust was in fact created, it was for the *cestui que trust,* and no one else, to complain of the action of the patentee and enforce the trust: it did not prevent the legal title from passing by his conveyance. Perry, Trusts, sect. 334."

To the same effect are the following cases: *Dickson v. New York Biscuit Co.,* 211 Ill. 379, 71 N. E. 1058; *Boyle v. Boyle,* 152 Pa. St. 108, 25 Atl. 494; *Hart v. Seymour,* 147 Ill. 598, 35 N. E. 246; *Tilden v. Green,* 130 N. Y. 29, 28 N. E. 880; *St. James Parish v. Bagley,* 138 N. C. 384, 50 S. E. 841.

If the appellants in this case stand in the place of Shoudy and wife, and may, therefore, at this date attack respondents' title, they certainly are required to show that the trustee violated the terms of his trust by conveying the property. There was no attempt at any such showing, except the mere fact that Mr. Shoudy did not account to his wife for her share of the proceeds of the sale. This fact was entirely immaterial

because, if the trustee sold the land according to his trust and accounted for the proceeds to the persons entitled thereto, he did all that was required of him. Neither he nor his grantees were thereafter interested in the disposition of the funds by the persons who created the trust and received the proceeds.

We think the judgment of the lower court was right. It is therefore affirmed.

HADLEY, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.