## MUNDAY, TRUSTEE, ET AL. v. WISCONSIN TRUST COMPANY ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 288. Argued March 25, 1920.—Decided April 19, 1920.

Whether a state statute is intended to validate a contract previously unenforceable under the state law is for the state courts finally to decide and involves no federal question. P. 502.

As applied to transactions subsequent to its enactment, a state law providing that conveyances of local realty taken by sister-state corporations before they have filed their articles with the local secretary of state shall be wholly void on behalf of them or their assigns, violates neither the contract clause nor the due process clause of the Fourteenth Amendment. P. 503.

The power of the State to exact such conditions of outside corporations precedent to acquisition of land within the State, and the rule that conveyances are governed by the *lex loci rei sitæ*, are not affected by delivery of the deeds, etc., in another State; the transaction does not thus become a matter of interstate commerce. *Id.*

168 Wisconsin, 31, affirmed.

THE case is stated in the opinion.

*Mr. Walter Bachrach, Mr. Hamilton Moses* and *Mr. Thomas M. Kearney,* for plaintiffs in error, submitted:

Under § 1770b, and more particularly sub-section 10 thereof, both as written, and as construed by the Supreme Court of Wisconsin prior to the making of the contract and the execution and delivery of the deeds in controversy, such deeds were merely voidable and not void. Such statute as now administered and enforced against plaintiffs in error by the Supreme Court of Wisconsin, so as to

render such deeds absolutely void, impairs the obligation of such contract and deeds and deprives plaintiffs in error of their property without due process of law. *Myles Salt Co.* v. *Iberia Drainage District,* 239 U. S. 478; *Mackay Telegraph Co.* v. *Little Rock,* 250 U. S. 94, 98; *Kaukauna Co.* v. *Green Bay, etc., Canal Co.,* 142 U. S. 269; *Muhlker* v. *New York & Harlem R. R. Co.,* 197 U. S. 544, 570; *Sauer* v. *New York,* 206 U. S. 536, 549; *Ohio Life Ins. Co.* v. *Debolt,* 16 How. 432; *Gelpcke* v. *Dubuque,* 1 Wall. 206; *Douglass* v. *Pike County,* 101 U. S. 687.

Section 1770b, and more particularly sub-section 10 as administered and enforced in the case at bar, so as to render void the contract and deeds made and delivered in Illinois, violates the due process clause of the Fourteenth Amendment.

The judgment of the Supreme Court of Wisconsin in declaring the deeds void and in refusing to give them efficacy, notwithstanding the validating statute of 1917, deprived plaintiffs in error of their property, without due process of law in violation of the Fourteenth Amendment. *Chicago, Burlington & Quincy R. R. Co.* v. *Chicago,* 166 U. S. 233, 234; *St. Paul Gas Light Co.* v. *St. Paul,* 181 U. S. 142, 147; *Jefferson Branch Bank* v. *Skelly,* 1 Black, 436; *Louisiana Ry. & Nav. Co.* v. *New Orleans,* 235 U. S. 164; *Mobile & Ohio Railroad* v. *Tennessee,* 153 U. S. 486; *Houston &c. R. R. Co.* v. *Texas,* 177 U. S. 77; *McCullough* v. *Virginia,* 172 U. S. 109.

The legislature of Wisconsin, by the passage of the amendatory Act of May 11, 1917, confirmed the title of the Realty Company, its grantee and successors in title, and absolutely and unconditionally validated the title theretofore attempted to be granted by the Trust Company and Robinson.

*Mr. William E. Black,* with whom *Mr. John B. Simmons* was on the brief, for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The court below declared null and void two separate deeds whereby defendants in error undertook to convey to the Realty Realization Company, a Maine corporation, certain land in Wisconsin upon the ground that the grantee had failed to comply with the statute of the State prescribing conditions under which foreign corporations might acquire title to property therein. The deeds were dated and delivered in Illinois February 28, 1913. A subsequent deed from the Realty Company and a mortgage by its grantee were also declared ineffective, but they need not be separately considered here. 168 Wisconsin, 31.

At the time of the transactions in question the applicable statutory provisions concerning foreign corporations were sub-sections 2 and 10 of § 1770b, Wisconsin Statutes, 1911, which follow:

Sec. 1770b. "2. No corporation, incorporated or organized otherwise than under the laws of this state, except railroad corporations, corporations or associations created solely for religious or charitable purposes, insurance companies and fraternal or beneficiary corporations, societies, orders and associations furnishing life or casualty insurance or indemnity upon the mutual or assessment plan, shall transact business or acquire, hold, or dispose of property in this state until such corporation shall have caused to be filed in the office of the secretary of state a copy of its charter, articles of association or incorporation and all amendments thereto duly certified by the secretary of state of the state wherein the corporation was organized. . . ."

Sec. 1770b. "10. . . . . Every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions

of this section, shall be wholly void on its behalf and on
behalf of its assigns, but shall be enforceable against it or
them."

The original proceeding was instituted March 30, 1913.
While it was pending in the Circuit Court the Realty
Company complied with § 1770b and obtained a license to
do business and hold property in Wisconsin—October,
1915. On May 11, 1917, the legislature enacted c. 211,
Laws of 1917, which amended sub-section 1 of § 1770j of
the statute to read: .

"Any corporation organized otherwise than under the
laws of this state, having acquired, or attempted to ac-
quire, legal title by deed, or lease to any real property in
this state, before complying with the terms of section
1770b of the statutes, and *which is now not required to
comply with said section or* which has thereafter, and be-
fore the passage of this section, complied with said section,
shall be and is hereby relieved from any disability pro-
vided in said statute or. prohibition therein contained, so
far as said section relates to the acquisition and holding of
the property so acquired, or attempted to be acquired, and
the title so acquired, or attempted to be acquired, is
hereby confirmed."

Plaintiffs in error unsuccessfully challenged the validity
of § 1770b upon the ground of conflict with the contract
clause, § 10, Article I of the Federal Constitution and the
due process clause of the Fourteenth Amendment. They
further insisted that if § 1770j as amended by c. 211, Laws
of 1917, was not so applied as to validate the deeds in
question, rights, privileges and immunities guaranteed
to them by the Fourteenth Amendment would be in-
fringed.

Obviously, no impairment of any federal right resulted
from the construction placed upon § 1770j as amended in
1917. Whether that section did or did not validate a con-
tract theretofore unenforceable was a question for the

state court finally to decide—it involved no right under the Constitution or laws of the United States.

Section 1770b was enacted prior to the transactions here in question and the settled doctrine is that the contract clause applies only to legislation subsequent in time to the contract alleged to have been impaired. *Cross Lake Shooting & Fishing Club* v. *Louisiana,* 224 U. S. 632, 639.

In support of the claim that sub-section 10, § 1770b as construed by the court below conflicts with the due process clause it is said: "The contract between the defendants in error and the Realty Company, and the deeds delivered in compliance therewith were all made in Illinois    They have been declared void in the State of Wisconsin.   So applied the statute deprives plaintiffs in error of their property without due process of law."

*Allgeyer* v. *Louisiana,* 165 U. S. 578, 591, is relied upon as adequate authority to support the point presented; but we think it is wholly irrelevant.

Where interstate commerce is not directly affected, a State may forbid foreign corporations from doing business or acquiring property within her borders except upon such terms as those prescribed by the Wisconsin statute. *Fritts* v. *Palmer,* 132 U. S. 282, 288; *Chattanooga National Building & Loan Association* v. *Denson,* 189 U. S. 408; *Interstate Amusement Co.* v. *Albert,* 239 U. S. 560, 568.

No interstate commerce was directly involved in the transactions here questioned.   Moreover, this court long ago declared—"The title to land can be acquired and lost only in the manner prescribed by the law of the place where such land is situated." *United States* v. *Crosby,* 7 Cranch, 115, 116.

The judgment of the court below is

*Affirmed.*